IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALA MOHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6587 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION
TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel of the City, moves to dismiss in part plaintiff's amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The City states the following in support of this motion:

1. Plaintiff, a former probationary police officer with the Chicago Police Department, filed his amended complaint against the City on March 21, 2008. Plaintiff's amended complaint contains two counts. In Count I, plaintiff asserts claims for race, color, religious and national origin discrimination and harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"). Count II alleges race and ancestry discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981"). Among other relief, plaintiff seeks punitive damages. The Court should dismiss in part plaintiff's amended complaint with prejudice.

2. Plaintiff's newly asserted Title VII race and color discrimination and harassment claims and retaliation claim should be dismissed because they are beyond the scope of the underlying EEOC Charge.

-2-

3.　The Court should dismiss plaintiff's Title VII claims to the extent they are based on allegations that occurred more than 300 days prior to the filing of the underlying EEOC Charge.

4.　The Court should dismiss plaintiff's Section 1981 race and ancestry discrimination and retaliation claims because plaintiff fails to allege the existence of an employment contract.

5.　Even if plaintiff could allege an employment contract under Section 1981, his Section 1981 claims should be dismissed for the additional reason that he fails to allege that his injuries were caused by a City policy, practice or custom.

6.　The Court should dismiss plaintiff's Title VII and Section 1981 retaliation claims because plaintiff fails to allege a causal link between his protected activity and his discharge.

7.　Finally, the Court should strike plaintiff's request for punitive damages because such damages are not recoverable against the City.

WHEREFORE, for the foregoing reasons and those stated in Defendant City of Chicago's memorandum of law in support of its motion to dismiss, the Court should dismiss in part plaintiff's amended complaint with prejudice pursuant to Rule 12(b)(6).

Dated: April 21, 2008

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel of the City of Chicago

By:　*/s/ Kenneth Charles Robling*
Kenneth Charles Robling
Marcela D. Sánchez
Assistants Corporation Counsel

City of Chicago Department of Law
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-0116/744-9332