IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALA MOHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6587 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

## AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and in agreement with Plaintiff Ala Mohammad, move this Court, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.2, to enter a protective order in the form electronically mailed to this Court on August 28, 2008. In support of this motion, defendant states the following:

1. Plaintiff, a former probationary police officer ("PPO") with the Chicago Police Department ("CPD"), was terminated from his employment in May 2006.

2. In Count I of his complaint, plaintiff asserts claims for race, color, religious and national origin discrimination and harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended. In Count II, plaintiff alleges race and ancestry discrimination and retaliation under 42 U.S.C. § 1981.

3. Due to the nature of this litigation, defendant anticipates producing certain complaint register (C.R.) files opened by the CPD concerning investigations of allegations of discrimination or relating to plaintiff's employment with the CPD, including C.R. File Nos. 313724, 312899 and 313068. In conducting these investigations, the CPD interviewed several witnesses who are CPD members but not parties to this lawsuit.

4.  C.R. investigative files are kept confidential and are not disclosed to the public. Defendant seeks entry of a protective order to preserve the confidentiality of the documents and information contained in the C.R. files, as well as the identity of any witnesses who were interviewed in connection with the investigations.

5.  Additionally, pursuant to Federal Rule of Civil Procedure 26(a), defendant anticipates producing certain information contained in the personnel files of certain PPOs who were discharged from the CPD, including information pertaining to the former PPOs' disciplinary history, ethnicity and/or national origin. The CPD maintains the confidentiality of information contained in its current and former members' personnel files, including, but not limited to, their personnel data forms and disciplinary records. Therefore, defendant seeks to preserve the confidentiality of any information or documents produced from the PPOs' personnel files, including their personnel data forms and any documents related to their disciplinary history or discharge.

6.  For their protection, defendant further seeks to keep confidential the personal information of any individuals identified in discovery, including any social security numbers, driver's license numbers, birth dates, home addresses, and personal telephone numbers.

7.  Finally, because plaintiff seeks damages for emotional distress, defendant seeks a protective order to preserve the confidentiality of any of plaintiff's medical records that the parties receive pursuant to subpoena or are otherwise produced in discovery.

8.  The proposed protective order is narrowly tailored to restrict the dissemination of information that defendant seeks to protect ("Confidential Material") by limiting who has access to the Confidential Material, and ensuring that if Confidential Material is used in discovery, it is

designated confidential. The proposed protective order also sets forth procedures for the parties to follow if, during the course of the lawsuit, they seek to file any documents, transcripts, or exhibits referencing Confidential Material as part of a motion, brief, or other pleading.

9. Pursuant to this Court's standing order, defendant will submit a draft of the parties' proposed agreed protective order to the Court via electronic mail at Proposed_Order_Cole@ilnd.uscourts.gov, contemporaneously with the filing of this motion.

WHEREFORE, for good cause shown, defendant City of Chicago respectfully requests that the Court enter the parties' proposed agreed protective order.

Dated: August 28, 2008

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel of the City of Chicago

By:   /s/ Kenneth Charles Robling
Kenneth Charles Robling
Senior Counsel
Marcela D. Sánchez
Assistant Corporation Counsel

City of Chicago Law Department
Employment Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-0116/744-9332

3

## CERTIFICATE OF SERVICE

      I, Kenneth Charles Robling, an attorney, certify that on August 28, 2008, I electronically filed the foregoing **Agreed Motion For Entry of a Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      By: _/s/ Kenneth Charles Robling_