

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALA MOHAMMAD, | ) | |
| | ) | Case No. 07 C 6587 |
| Plaintiff, | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

### AGREED PROTECTIVE ORDER

This matter coming before the Court on defendant's agreed motion for entry of an Agreed Protective Order, and the Court having found good cause for entering the Agreed Protective Order, it is hereby ordered that:

1. The parties may designate as confidential the materials identified in this Protective Order which the parties anticipate producing in response to written discovery, in supplementing their Rule 26(a)(1) disclosures, and receiving pursuant to subpoena.

2. The following materials are defined as and shall be designated confidential: (a) all documents contained in any Chicago Police Department ("CPD") complaint register ("C.R.") files, including CPD C.R. File Nos. 313724, 312899 and 313068; (b) the name, star number, and employee number of any witnesses identified and/or interviewed in connection with any C.R. investigation, including CPD C.R. File Nos. 313724, 312899 and 313068; (c) any information contained in the personnel files of any current or former member of the CPD, including, but not limited to, any personnel data forms, disciplinary records, and records related to their termination from employment; (d) the personal information of any individual identified in any documents, except plaintiff, including social security number, driver's license number, birth date, home

address, and personal telephone numbers; and (e) any of plaintiff's medical records that the parties receive pursuant to subpoena or otherwise are produced in discovery. The materials designated in (a) through (e) of this paragraph shall be referred to collectively in this Protective Order as "Confidential Material." Before producing any materials designated in (a) through (d) of this paragraph, counsel shall redact the social security number, driver's license number, birth date, home address, and personal telephone numbers of any individual identified in the records, except plaintiff. The parties are not prohibited from discussing or disseminating any information or documents that are a matter of public record.

3. The Confidential Material identified in paragraph 2 shall not be discussed with, disseminated, delivered, or otherwise disclosed to any person, except as follows:

   (a) the attorneys of record, and their duly authorized legal, paralegal, or administrative support staff;

   (b) City employees who are responsible for maintaining any Confidential Material;

   (c) the parties' duly authorized expert witnesses and consultants;

   (d) stenographic reporters of any testimony in this litigation;

   (e) City employees who have reviewed, received, participated in the preparation of, or who are the subject of the Confidential Material, or whom the attorneys of record in good faith believe reviewed, received, participated in the preparation of, or are the subject of this Confidential Material;

   (f) the Court; and

   (g) any other persons mutually agreed to by the parties or ordered by the Court.

4. The parties have determined, in good faith, that the Confidential Material

should be subject to this Protective Order.

5.　　Except for the documents identified in paragraph 2 of this Protective Order, the parties will designate no other document produced in discovery as Confidential Material, or file any document under seal, without previously obtained court approval.

6.　　If any party or member of the public challenges the confidentiality of any Confidential Material, the party asserting that the document should be designated as confidential shall bear the burden of demonstrating the propriety of the confidentiality.

7.　　All copies of documents designated as Confidential Material under this Protective Order, and all transcripts in which Confidential Material has been discussed, shall be stamped clearly as "CONFIDENTIAL" in a place that avoids interfering with the legibility of the document.

8.　　Confidential Material received in discovery by counsel of record shall be used solely for the purposes of this litigation and not for any other litigation or any other purpose unless ordered by a Court of competent jurisdiction.

9.　　Before disclosing Confidential Material to any persons authorized in paragraph 3 of this Protective Order, except for the individuals identified in paragraph 3(a), 3(b), 3(d), and 3(f), the parties must first inform each such person that the documents to be disclosed contain Confidential Material, to be held in confidence, and are to be used solely for the purpose of preparing for this litigation and, further, that these restrictions are imposed by court order. Counsel shall obtain from each person reviewing Confidential Material a declaration in the form attached as Exhibit A.

10.　　Any recorded testimony regarding Confidential Material is subject to the same

restrictions as the documents themselves. Deposition testimony that references or discloses Confidential Material shall be designated by counsel taking the deposition as Confidential Material protected by the terms of this Protective Order. Deponents who are authorized pursuant to paragraph 3 of this Protective Order to review the Confidential Material may be shown or examined about Confidential Material provided that counsel taking the deposition obtains from the deponent a declaration in the form attached as Exhibit A. Deponents shall not retain or copy portions of any deposition transcript or exhibits used in the deposition that contain Confidential Material, except as permitted in paragraph 3.

11. Documents containing Confidential Material shall not be filed with the Clerk of the Court at any time. If the parties wish to file any documents, transcripts, or exhibits referencing Confidential Material as part of a motion, brief, or other pleading, they shall first obtain leave of court to file the Confidential Material under seal. If leave is granted, the party filing the motion, brief, or other pleading that contains Confidential Material, shall, at the time of filing, submit any Confidential Material to the Court in a sealed enclosure. The enclosure submitted to the Court must include on its face the caption of the case, including the case number, the title of the pleading or document, the submitting party's name, address, and telephone number, and shall designate that it is submitted to the Court with the Court's approval and pursuant to this Protective Order. A redacted copy of any document containing Confidential Material shall be filed with the Clerk of the Court.

12. When filing a document containing Confidential Material with the Clerk of the Court, if not already redacted, the party must redact, in the case of any materials designated in (a) through (d) of paragraph 2, the following items: the name of any CPD member who is the subject

of a C.R. investigation or disciplinary action; the name, address, and telephone numbers of any witnesses identified and/or interviewed in connection with a C.R. investigation or disciplinary action; all social security numbers; all driver's license numbers; and all City and CPD employee numbers and employee payroll numbers. In the case of plaintiff's medical records, the party must redact plaintiff's name, social security number, address, and telephone number, and any diagnoses.

13. Nothing in this Protective Order shall be construed to affect the admissibility of any Confidential Material at any hearing or trial; use at any hearing or at trial will be governed by a separate court order. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

14. Upon final disposition of this action, including appeals, the parties may obtain the return of any Confidential Material submitted to the Court, or redacted documents containing Confidential Material filed with the Clerk of the Court, by a motion filed within sixty-three (63) days after the case is closed. Except where the Court in response to the request of a party or on its own motion orders otherwise, at the end of the sixty-three (63) day period the Clerk of the Court shall return the Confidential Material in a sealed enclosure to the attorney or party who filed it. Additionally, counsel shall return the original and all copies of all documents containing Confidential Material, including those portions of deposition transcripts and deposition exhibits, to the producing party's respective counsel within sixty (63) days after the case is closed. After final disposition of this action, the provisions of this Protective Order relating to Confidential Material shall continue to be binding upon all attorneys of record, their employees, the parties, their officers and employees, experts, and consultants.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

16. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any Confidential Material.

17. If any party violates the terms of this Protective Order, that party may be subject to appropriate sanctions by this Court upon the filing of a motion, with appropriate notice, and an opportunity to be heard.

18. This Protective Order can be modified only with the consent of both parties and court approval, or upon the petition of one party and court approval.

19. If a dispute arises concerning the propriety of designating documents as Confidential Material, or concerning any other matter relating to the application of this Protective Order, counsel shall attempt to resolve the dispute before seeking the Court's intervention.

Dated: _S 2 13_____, 2008

_____
Magistrate Judge Cole

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALA MOHAMMAD, | ) | |
| | ) | Case No. 07 C 6587 |
| Plaintiff, | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

### DECLARATION

I, _____, being first duly sworn, state that I have read and understand the contents of the Protective Order entered in this action on _____, 2008.

1. I am one of the persons described in paragraph 3 of the Protective Order. I am executing this declaration to satisfy the Protective Order's conditions prior to the disclosure of any Confidential Material.

2. I expressly represent and agree that:

(a) I have read and shall be fully bound by the Protective Order's terms;

(b) I shall maintain in strict confidence any Confidential Material disclosed to me pursuant to the Protective Order, and I shall not disclose or use the original or any copy of, or the subject of, any Confidential Material except in accordance with the Protective Order; and

(c) I shall not disclose to anyone at any time the contents or subject matter of any Confidential Material, other than in accordance with the Protective Order.

3. I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, for purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____
Signature of Declarant                                Date

### EXHIBIT A