## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALA MOHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | No.    07 C 6587 |
| v. | ) | |
| | ) | Judge Manning |
| CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Cole |
| Defendant. | ) | |

### DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S
### REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant City of Chicago (the "City"), through its attorney Mara S. Georges,

Corporation Counsel of the City, pursuant to Federal Rules of Civil Procedure 26 and 34,

submits the following amended objections and responses to Plaintiff's Request for Production of

Documents.

### INSTRUCTIONS

1.      **Defendant is required, in responding to this request, to obtain and furnish all documents and information available to it, in its possession, or under its control, including those available to, in the possession of or under the control of any of its representatives, agents or attorneys.**

2.      **Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.**

The City objects to this definition because it is vague, ambiguous, confusing and

inapplicable to the present litigation.

3.      **All documents produced shall be segregated and identified by the request to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course**

Exhibit A

of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the filed from which such documents were taken.

The City objects to this instruction to the extent if seeks to impose obligations on the City

beyond those contained in Rule 34(b)(2) of the Federal Rules of Civil Procedure.

4.    **If Defendant objects to part of any request, please furnish documents responsive to the remainder of the request.**

5.    **The documents produced in response to this request shall include all attachments and enclosures.**

6.    **References to the singular include the plural, and references to the plural include the singular.**

7.    **The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.**

8.    **Please note that Defendant, pursuant to Fed. R. Civ. Proc. 26(e), is under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.**

9.    **All documents called for by this request or related to this request, for which Defendant claims a privilege or statutory authority as a ground for nonproduction shall be listed chronologically as follows;**

     a.    **The place, date and manner of recording or otherwise preparing the document;**

     b.    **The name and title of the sender;**

     c.    **The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;**

     d.    **The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;**

     e.    **Type of document;**

     f.    **Subject-matter; and**

     g.    **Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for nonproduction.**

The City objects to this instruction to the extent if seeks to impose obligations on the City beyond those contained in Rule 26(b)(5) of the Federal Rules of Civil Procedure.

10.    **Each request to produce document(s) to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all non-identical copies, and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other.**

The City objects to the first sentence of this instruction because it is vague and confusing.

11.    **All documents produced in response to this request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.**

The City objects to this instruction to the extent if seeks to impose obligations on the City beyond those contained in Rule 26(b) of the Federal Rules of Civil Procedure.

12.    **If any documents requested herein have bee [sic] lost or destroyed, identify them by author, date and subject-matter.**

13.    **With respect to any document requested which was once in Plaintiff's possession, custody or control, but no longer is, please indicate the date the document ceased to be in her possession, custody or control, the reason for such change of possession, custody or control, and the name and address of its present custodian.**

The City objects to this instruction because it is vague and confusing and seeks information that is solely available from plaintiff.

## DEFINITIONS

1.    **"Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.**

2.    **"Communication" shall mean any or all transmittals of information, whether oral, electronic, or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing.**

3.    **"Document" or "documents" includes without limitation any communication of any nature, and any written, typed, printed, recorded, or graphic matter, however**

preserved, produced, or reproduced, or any type or description, regardless of origin or location, in your actual or constructive possession, custody or control.  Each nonidentical copy is a separate document.

The City objects to this definition of "document" to the extent it differs from the definition of "document" found in Rule 34(a) of the Federal Rules of Civil Procedure.

4.    **"Defendant" means City of Chicago, and/or its agents, representatives, investigators, attorneys and all persons acting for or on behalf of her.**

The City objects to this definition of "defendant" to the extent it seeks to make the City responsible for actions of employees or other persons who are not authorized to act on the City's behalf or who exceed the scope of their authority.

5.    **"Ala Mohammad" or "Plaintiff means Ala Mohammad and/or any d/b/a, successor, and/or his agents or representatives.**

The City objects to this definition of "Ala Mohammad" or "Plaintiff" because it is vague, ambiguous, confusing and inapplicable to the present litigation.

6.    **"Any" shall also mean "all" and vice versa,**

7.    **"And" shall mean "or" and vice versa, as necessary to call for the broadest answer.**

## REQUESTS

1.    **All documents identified in response to Plaintiffs First Set of Interrogatories including but not limited to all documents to which Defendant referred or relied upon when preparing responses to Plaintiff's First Set of Interrogatories.**

**RESPONSE:** The City objects to Request No. 1 because the phrase "relied upon" is vague and ambiguous.  The City also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine.  Subject to and without waiving these objections, the City states that in responding to plaintiff's First Set of

of admissible evidence. The City also objects to this Request to the extent it seeks information

protected from disclosure by the attorney-client privilege and attorney work product doctrine.

Subject to and without waiving these objections, the City states that, other than the C.R. file

relating to plaintiff's allegations of discrimination and harassment (C.R. File No. 313724), it has

no record of any complaints alleging discrimination or harassment based on Middle-Eastern

national origin, Arab ancestry, or Muslim religious beliefs made during the last five years against

any of the individuals identified in the complaint. C.R. File No. 313724 will be produced to

plaintiff upon entry of an appropriate protective order. The City further states that it is currently

investigating whether any complaints were made against any other individuals during the last five

years alleging discrimination or harassment based on Middle-Eastern national origin, Arab

ancestry, or Muslim religious beliefs occurring in the CPD's 12th District or the Training

Academy, and it will supplement its response to this Request.

19.    **All documents and materials related to the Terrorism Awareness and Response Academy, including but not limited to:**
   a.    **Classroom training materials;**
   b.    **Instructor training materials;**
   c.    **Videos and visual aids;**
   d.    **Program handbooks and;**
   e.    **Written guidelines.**

**RESPONSE:** The City objects to Request No. 19 on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to the lead to the discovery of admissible evidence. The City further objects on the

grounds that this interrogatory seeks confidential and sensitive law enforcement information the

disclosure of which could compromise police investigations and the TARA training. The City

also objects to this Request to the extent it seeks information protected from disclosure by the

attorney-client privilege and attorney work product doctrine.  Subject to and without waiving

these objections, defendant refers plaintiff to his official CPD employee training record, which

identifies all CPD training sessions attended by plaintiff and which does not include any TARA

training sessions or courses (Bates Nos. D00349-351).

Dated: August 22, 2008                              Respectfully submitted,

                                                    MARA S. GEORGES
                                                    Corporation Counsel of the
                                                    City of Chicago

                              By:    _Marcela Sanchez_

                                     KENNETH C. ROBLING
                                     Senior Counsel
                                     MARCELA D. SÁNCHEZ
                                     Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 742-0116/744-9653

-17-