# Kevin Vodak

| | |
|---|---|
| From: | Kevin Vodak [attorney@cairchicago.org] |
| Sent: | Monday, August 18, 2008 3:04 PM |
| To: | 'kenneth.robling@cityofchicago.org'; 'msanchez@cityofchicago.org' |
| Subject: | Mohammad v. City of Chicago |

**VIA EMAIL TRANSMISSION**

Kenneth Robling, Esq.
Marcela D. Sanchez, Esq.
City of Chicago
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602

August 18, 2008

**In re Mohammad v. City of Chicago,**
      **United States District Court No. 07 C 6587**

Dear Counsel:

Thank you for supplying Defendant's answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production to Documents on Friday, August 15, 2008. Having had an opportunity to review these responses, I believe that they are deficient in a number of areas detailed below.

**Proposed Protective Order**

My correspondence sent on August 15, 2008 identifies a number of objections in response to Defendant's proposed Protective Order. Given that Magistrate Judge Cole will not be available to review this order until he returns on September 2, 2008, I suggest that we reach an agreement in his absence so that I will be able to obtain copies of the confidential documents in advance of the depositions to be conducted on August 26, 2008. Please contact me as soon as possible to discuss the proposed Protective Order.

**Defendant's Responses to Document Requests**

Request No. 18 sought "[a]ll correspondence and other documents relating to any, formal or informal, investigation into discrimination or harassment by any police officer of Chicago Police Department in District 12 or Unit 44 since January 2000." Defendant objected to this request as "overly broad as to scope and time frame, unduly burdensome, seek[ing] confidential information . . . and seek[ing] in part information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence." Defendant, however, responded that "it is currently investigating whether any complaints were made against any other individuals during the last five years alleging discrimination or harassment based on Middle-Eastern national origin, Arab ancestry, or Muslim religious beliefs occurring in the CPD's 12th District or the Training Academy. . . ." Please advise us as to the expected date when the referenced investigation will be completed and when we will be receiving the supplemental documents in response to Request No. 18.

Request No. 19 sought "[a]ll documents and materials relating to the Terrorism Awareness and Response Academy," identifying five (5) categories of documents to be produced. Defendant objected to this request as



"overly broad, unduly burdensome, vague, ambiguous, and seek[ing] information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Specifically, Defendant contends that its official training record for Plaintiff "does not include any TARA training sessions or courses."

Defendant's objections to Request No. 19 are misplaced, as Plaintiff specifically alleges that he attended the TARA training in March 2005 and that he was subjected to harassing conduct by fellow officers and supervisors following their attendance at the TARA training in 2006. (See Am. Compl. ¶¶18-31.) Contrary to Defendant's "official record," Plaintiff testified that he attended the TARA training, and his possession of the TARA training's PowerPoint presentation corroborates this testimony. (See Doc. No. PS0001-23.) Regardless of whether Defendant believes that Plaintiff attended the session, the hostile and discriminatory actions of its officers and supervisors following their attendance at TARA training entitles Plaintiff to all of the materials sought in Request No. 19. Please supplement Defendant's document production with all responsive material.

### Defendant's Answers to Interrogatories

Interrogatory No. 4 requested Defendant to "[i]dentify every police supervisor, officer and probationary officer who has worked in Division 12 or Unit 44 of the Chicago Police Department during Plaintiff's employment with Defendant." Defendant objected to this interrogatory as "overly broad as to scope and time frame . . . unduly burdensome . . . [and] seek[ing] in part information that is neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence." Defendant answered this interrogatory by referring to documents which named Plaintiff's field training officers.

Defendant's answer to Interrogatory No. 4 fails to provide any information concerning the officers and probationary officers who worked in Division 12 and/or Unit 44 during the tenure of Plaintiff's employment with Defendant. Such information directly relates to Plaintiff's claims, as he alleges that various officers subjected him to religious and racial harassment following their attendance at the TARA training. (See Am. Compl. ¶¶19-29.) Plaintiff thus remains entitled to a complete listing of all officers who would have been present during the time period of November 2004 through May 2006. Such a request remains narrowly tailored to lead to the discovery of admissible evidence and will not impose an undue burden on Defendant. Please supplement Defendant's answer to Interrogatory No. 4.

In response to Interrogatory No. 12, Defendant stated that "it is investigating whether the CPD has discharged any other [probationary police officers] of Middle-Eastern national origin, Arab ancestry, or Muslim faith since May 2003 . . . ." Please advise us as to the expected date when the referenced investigation will be completed and when we will be receiving the supplemental information and documents.

Defendant objected to Interrogatories No. 15, 16, 17, 18, 19, and 20, all of which seek information concerning the TARA training sessions. Defendant's objections mirror those asserted in response to Request No. 19. For the same reasons asserted above, Plaintiff remains entitled to all of the information sought concerning the TARA training sessions. Please supplement Defendant's interrogatory answers and document production with all responsive material.

Interrogatory No. 21 requested Defendant to "identify any person who may have been the person referred to as Assistant Deputy Superintendent Mathew [sic] Tobias's 'secretary' in Plaintiff's complaint." Defendant objected to this interrogatory "because the term 'secretary' is vague and ambiguous," and failed to provide any information in response. Such an objection remains entirely inappropriate, as Interrogatory No. 21 clearly seeks the name of Assistant Deputy Superintendent Matthew Tobias' secretary who was present in his office on May 25, 2006 immediately prior to Plaintiff's termination. (Am. Compl. ¶¶34-35.) Plaintiff remains entitled to the identity of this witness. Please supplement Defendant's answer to Interrogatory No. 21 with the requested information.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.2, I request that you supplement Defendant's discovery responses based on the foregoing within one (1) week, no later than Monday, August 25, 2008, or identify a date in the near future when all of the material will be provided. I am hopeful that we will be able to resolve these issues without resorting to court intervention in this matter.

If you have any questions or concerns please contact me at 312.212.1520 or attorney@cairchicago.org.

Sincerely,

/s/Kevin Vodak
Kevin Vodak
Staff Attorney
Council on American-Islamic Relations (CAIR)-Illinois
28 East Jackson Boulevard
Suite 1410
Chicago, IL   60604
Tel:  312-212-1520
Fax: 312-212-1530
E-mail:  attorney@cairchicago.org
Website:  www.cairchicago.org

**NOTE: This email, including any attachments, may be a privileged and confidential communication. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email or telephone, and discard the original message immediately. Any advice given in this correspondence should not be considered legal advice and may not apply to your situation. For specific legal advice about your situation, you should consult an attorney licensed to practice in your area. This correspondence is not meant to give legal advice and does not create an attorney-client relationship**