**DAVID HOLLINS, JR., Plaintiff, v. CITY OF MILWAUKEE, ARTHUR JONES, NANNETTE HEGERTY, DEMETRIUS RITT, and CHARLES LIBAL, Defendants.**

Case No. 05-CV-623

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

2006 U.S. Dist. LEXIS 24169

**March 24, 2006, Decided**

**CORE TERMS:** redacted, deployments, unredacted, containment, law enforcement, anti-sniper, attorney's fees, remain confidential, discovery, preparing, addressing, reply, moot, discovery of admissible evidence, reasonable expenses, public disclosure, relevant information, reasonably calculated to lead, pertaining, jeopardize, producing, protective order, directing, assigned, seal

**COUNSEL:** [*1] For David Hollins, Plaintiff: James J Gende, II, Gende Law Offices SC, Waukesha, WI; Robert E Barnes, The Law Office of Robert G Bernhoft SC, Milwaukee, WI.

For City of Milwaukee, Officer Charles Libal, Nannette Hegerty, Arthur Jones, Demetrius Ritt, Defendant: Susan E Lappen, Milwaukee City Attorney's Office, Milwaukee, WI.

**JUDGES:** J.P. STADTMUELLER, U.S. District Judge.

**OPINION BY:** J.P. STADTMUELLER

**OPINION**

**ORDER**

On January 30, 2006, plaintiff David Hollins filed a motion for an order compelling the defendants to produce information and documents responsive to Hollins' discovery requests. In his lawsuit alleging violations of his civil rights, Hollins seeks the contact information of individual defendant, Demetrius Ritt, and Hollins requests that a document produced by the defendants, a Tactical Deployment Plan used by the Tactical Enforcement Unit of the Milwaukee Police Department, be produced in its unredacted form. Hollins also requests that this court award him the reasonable expenses, including attorney's fees, he incurred in preparing the motion to compel.

Counsel for the defendants agreed to accept service of process for Demetrius Ritt and Ritt subsequently appeared through [*2] his attorney on February 14, 2006, and filed an answer to the complaint. As a result, the plaintiff no longer seeks the contact information for Ritt. As the plaintiff acknowledged in his reply brief, this discovery matter is now moot. Accordingly, the plaintiff's motion to compel Ritt's contact information will be denied as moot.

The second part of the plaintiff's motion to compel remains in dispute. Request No. 4 of the plaintiff's request for the production of documents, dated November 10, 2005, calls the defendants to "produce copies of any and all training manuals, literature, departmental memos, policies, documents, files, and/or records pertaining to the City of Milwaukee Police Department's rules, regulations, policies, and/or procedures regarding an officer(s) duties and responsibilities while assigned to containment during the execution of a search warrant." (Pl.'s Mot to Compel Disc., Ex. B.)

In response to this request, the defendants produced the Milwaukee Police Department's Tactical Deployment Plan describing the responsibilities of officers in the Tactical Enforcement Unit at the scene of high-risk incidents. (Pl.'s Mot to Compel Disc., Ex. C.) The defendants redacted [*3] sections of the plan not directly related to the duties and responsibilities of an officer assigned to containment. Specifically, the defendants redacted sections dealing with the command post unit, the anti-sniper unit, and the entry units. (Sutter Aff., PP 9-15.) The defendants assert that they are justified in not producing a complete version of the Tactical Deployment Plan because the redacted sections are irrelevant to a containment officer's duties, and because public knowledge of the redacted information could adversely affect the success of the Tactical Enforcement Unit's deployments and could put police officers and citizens at risk. (*Id.,* PP



Case 1:07-cv-06587   Document 55-5   Filed 09/15/2008   Page 2 of 3

Page 2
2006 U.S. Dist. LEXIS 24169, *

9-16.) After attempting to obtain the complete text of the Tactical Deployment Plan without court action, the plaintiff has not been able to receive the document in unredacted form.

The court concludes the plaintiff's motion has merit. The scope of relevancy under *Federal Rule of Civil Procedure 26* is broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P. 26(b)(1)* [*4] ; *see Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)* (holding that relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.")

Hollins asserts that the redacted sections of the Tactical Deployment Plan, except for those addressing the anti-sniper units, are relevant because he needs to know the duties of the other officers involved in executing a search in order to gain a full understanding of the containment officer's duties. (Pl.'s Reply Br., 2.) The redacted information is relevant, Hollins contends, because it would provide context for the containment officer's role in the execution of a search. (*Id.*) Hollins asserts that the redacted information is particularly relevant because one of the issues in this case is the role of containment officers after the "all clear" is sounded by the entry unit, signifying that the danger of entry and initial search has passed. (*Id.*)

The defendants assert that the redacted sections of the Tactical Deployment Plan should remain confidential to prevent law enforcement strategies [*5] from being released to the public. (Defs.' Resp. Br., 4.) The defendants do not assert that the redacted information is protected by a specific privilege, nor do they identify any specific strategy or law enforcement initiative that would be revealed by producing the document in unredacted form. In support of their claim that the redacted sections of the report should remain confidential, the defendants assert that public disclosure of the document could jeopardize officer and citizen safety. (Sutter Aff., P 16.) However, across the board claims of confidentiality supported only by speculative and conclusory statements will not suffice. *See Alexander v. FBI, 186 F.R.D. 154, 167 (D.C. Cir. 1999)*; *see also Turkmen v. Ashcroft, 2004 U.S. Dist. LEXIS 14537, at *28-9 (S.D.N.Y. 2004)* (holding that documents pertaining to standard law enforcement techniques did not merit protection based on the interest in protecting law enforcement strategies.) The defendants make no showing as to how disclosure of the unredacted document would reveal confidential law enforcement techniques or jeopardize the safety of officers or citizens. As such, the court is obliged to [*6] grant the plaintiff's motion to compel.

The court notes that production of the Tactical Deployment Plan does not necessarily subject the document to public disclosure. The defendants have options available to them if they determine that the redacted information sought by the plaintiff warrants a protective order or an order directing the redacted information to be filed under seal. The defendants have not sought a protective order, asserted any privilege over the redacted information in the Tactical Deployment Plan, or demonstrated a specific and compelling reason why the document should not be produced.

The defendants have not established that the unredacted version of the Tactical Deployment Plan is irrelevant to the plaintiff's request or that the redacted sections should remain confidential. Rather, the court concludes that the redacted sections of the Tactical Deployment Plan qualify as relevant information reasonably calculated to lead to the discovery of admissible evidence. In his reply brief, Hollins indicated that the anti-sniper information on Bates pages 21 and 22 is not relevant to his case. Accordingly, the court will grant Hollins' motion to compel the Tactical Deployment [*7] Plan in unredacted form, except for the sections of the Tactical Deployment Plan addressing anti-sniper units on Bates pages 21 and 22.

Finally, pursuant to *Fed. R. Civ. P. 37(a)(4)(A)*, the court will award the plaintiff the reasonable expenses, including attorney's fees, he incurred in preparing the motion to compel. The amount of the plaintiff's expenses shall be determined between the parties. Should the court be required to revisit this particular issue, it will do so at the conclusion of the case.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket # 25) be and the same is hereby **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel the contact information for individual defendant, Demetrius Ritt, be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the defendants produce the Tactical Deployment Plan in unredacted form, except for the sections addressing anti-sniper units on Bates pages 21 and 22, with leave to file a motion for an order directing the previously redacted sections of the plan to be filed under seal providing [*8] reasons why the material ought to be sealed and authority supporting such protection;

2006 U.S. Dist. LEXIS 24169, *

**IT IS FURTHER ORDERED** that the defendants, pursuant to *Fed. R. Civ. P. 37(a)(4)(A)*, will pay the plaintiff the reasonable expenses incurred in preparing the motion to compel, including attorney's fees.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2006.

BY THE COURT:

J.P. STADTMUELLER

U.S. District Judge